UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

```
                                  *
ANGEL G. FALERO-VELAZQUEZ,        *
                                  *
          Petitioner              *
                                  *
     v.                           *     Civ. No. 98-2295(PG)
                                  *     (Cr. Nos. 94-294 & 369(PG))
UNITED STATES OF AMERICA,         *
                                  *
          Respondent              *
                                  *
--------------------------------*
```

## OPINION AND ORDER

The matter before the Court is the U.S. Magistrate Judge's report and recommendation concerning respondent Angel G. Falero Velázquez's motion to vacate his sentence under 28 U.S.C. § 2255 and petitioner's opposition thereto (Docket Nos. 9, 11).

Petitioner claims he was denied effective assistance of counsel. Specifically, Falero Velázquez contends that his attorney (1) failed to consider petitioner's criminal history in reaching the sentence agreed to in the plea agreement and (2) erroneously advised petitioner that he could withdraw the plea if the Court did not accept the proposed sentence.

The two-part test of Strickland v. Washington, 466 U.S. 668 (1984) "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). The "prejudice prong" of the Strickland test is satisfied if the defendant can show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty



Civ. No. 98-2295(PG)                                                    2.

and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474
U.S. at 59.  The Court agrees with the magistrate judge's conclusion
that although petitioner Falero Velázquez's attorneys were somewhat
ineffective, no actual prejudice has been shown due to counsel's
inadequate assistance.

As the magistrate judge correctly observed, any misinformation
or erroneous advice by Falero Velázquez's attorney was corrected by
the Court during the change of plea hearing.  The Court ensured that
petitioner was aware that (1) the maximum sentence he could receive
was life imprisonment; (2) the Court was not bound by any guideline
calculations made by petitioner, his attorneys or the government's
attorneys nor by any stipulation or any recommendations as to
sentence; (3) the Court could impose any sentence up to and including
the maximum in each count, which was life, and could impose it either
concurrently or consecutively; (4) if the sentence was harsher,
higher, or more severe than the one he expected, he could not
withdraw his plea of guilty; and (5) he will be sentenced based on
his plea of guilty and after considering the presentence report.
After asking all questions related to the above, petitioner pled
guilty.

Falero Velázquez now alleges that he did not understand what the
Court was trying to convey at the change of plea hearing due to

Civ. No. 98-2295(PG)                                    3.


directly conflicting advice coming from defense counsel[1] and the

government.[2]  However, the alleged conflicting advice was rendered

prior to the change of plea hearing, and even if the advice from

Falero Velázquez's attorney had led to his misunderstanding of the

consequences of his guilty plea, any such confusion was cured by the

Court at the change of plea hearing.

> As the U.S. Court of Appeals for the First Circuit stated:

> [e]ven if, prior to the change of plea hearing, counsel had
> informed defendant that the district court would impose the
> term specified in the agreement or the plea could be
> withdrawn, the plea colloquy made it eminently clear that
> defendant was not coerced to plead, that he understood the
> charges, that he understood the court could impose up to
> two concurrent life sentences, and that the ultimate
> sentence was up to the court.

United States v. Falero-Velázquez, Id., November 21, 1997.

Petitioner's representation at the plea-taking carry a strong

degree of verity and pose a "'formidable barrier in any subsequent

---

[1]Falero Velázquez was represented by two attorneys:  Frank Ortiz
and Juan Ramón Acevedo.  During the change of plea hearing and the
sentencing hearing Ortiz insisted on arguing that if the Court did
not accept the plea agreement, petitioner could withdraw the plea.
However, attorney Acevedo, at the sentencing hearing, acknowledged
that the government and the defense, during the plea negotiations,
were trying to reach a recommended sentence, not a specific sentence.


[2]The Court empathizes with the First Circuit's concern with the
government's representation that Falero Velázquez could receive an
impermissible sentence under the sentencing guidelines given the
probability that his criminal history category would exceed 1.
United States v. Falero-Velázquez, 1st Cir. Slip Op. Nos. 96-1897, 96-
1898 (Nov. 21, 1997) at p. 4, fn. 1.

Civ. No. 98-2295(PG)                                                4.

collateral proceedings.'" <u>Voytik v. United States</u>, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). Aside from his own declaration attached to his 2255 motion, petitioner does not present any evidence to rebut the strong presumption of verity to which his free and voluntary guilty plea is entitled. <u>Panzardi Alvarez v. United States</u>, 879 F.2d 975 (1st Cir. 1989), <u>cert. denied</u>, 493 U.S. 1082 (1990); <u>Ouellete v. United States</u>, 862 F.2d 371, 375 (1st Cir. 1988) ("the petitioner must present valid reasons why he should be relieved of his statements at a Rule 11 hearing in order to 'overcome the presumption of regularity which the record . . . imports.'") (quoting <u>Walker v. Johnston</u>, 312 U.S. 275, 286 (1941). Such contentions do not merit an evidentiary hearing. <u>Ingrassia v. Armontrout</u>, 902 F.2d 1368, 1370 (8th Cir. 1990); <u>Shah v. United States</u>, 878 F.2d 1156, 1160 (9th Cir.), <u>cert. denied</u>, 493 U.S. 869 (1989); <u>Webb v. Black</u>, 826 F.2d 769, 770 (8th Cir. 1987).

In conclusion, Falero Velázquez has failed to establish a reasonable probability that but for his attorney's error he would not have pleaded guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, <u>supra</u>.

In view of the above, the Court hereby **APPROVES AND ADOPTS** the magistrate judge's report and recommendation and, in accordance therein, this section 2255 petition is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Civ. No. 98-2295(PG)                                        5.


San Juan, Puerto Rico, September 24, 1999.


                              JUAN M. PEREZ-GIMENEZ
                              U. S. District Judge